

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
JOHNSONBURCOMBUFFETTERSONXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Tom L. Hartley
Criminal District Attorney
Edinburg, Texas

Dear Sir:

Opinion Number O-2437
Re: Sheriffs and constables -- over-
loading -- arrests without warrant--
Fees of office.

Your request for opinion upon the  following questions:

"1.  Does a constable or sheriff have any right under the law to mane an ar-
rest for a violation of the 7,000 pound load limit law, without a warrant of
arrest?

"2.  Does a constable or sheriff have any right, under the law, to make an
arrest for a violation of the 7,000 pound load limit law, without a warrant
of arrest, when such officer is accompanied by, and working in conjunction
with, a weight inspector of the Department of Public Safety?

"3.  Where an arrest is made, without a warrant, by a constable or a sheriff,
either by himself, or in company with a weight inspector of the Department of
Public Safety, of a truck driver, for violation of the 7,000 pound load limit
law, and the driver pleads guilty, is the constable or sheriff, as the case
may be, entitled to any fee for the arrest?  Under these circumstances, is
such officer entitled to a fee for the release of the defendant, or to any
other fee?

"4.  When a driver of a truck is arrested, without a warrant, for a violation
of the 7,000 pound load limit law, and pleads guilty and offers to pay his
fine, what are the legal costs and the amount thereof that can be assessed
him by the Justice of the Peace for such fine?"

has been received and carefully considered by this department.

Opinion No. O-1454 of this department holds, among other
things, that constables and sheriffs do not have the right to make arrests
without warrants for violations of the load limit law.  Said opinion con-
tains a full discussion of said matter and we enclose herewith a copy of
that opinion.

Article 1011, Code of Criminal Procedure of Texas, provides
that "no item of costs shall be taxed for a purported service which was not
performed, or for a service for which no fee is expressly provided for."

Honorable Tom L. Hartly, Page 2 (O-2437)

This department has repeatedly ruled that constables and sheriffs are not entitled to fees except for services performed, as outlined by the fee statutes. See opinions numbers O-106, O-693, O-768, O-963, O-1160 and many others of this department.

We quote from opinion No. O-693 of this department as follows:

"A constable is not entitled to a fee of $2.00 (Article 1065, Code of Criminal Procedure) for reading a warrant of arrest to a motoris for speeding when the motorist is in the custody of and under arrest by a Highway Patrolman. An officer who discharges or releases a defendant from the force and effect of a judgment restraining him is entitled to collect the fee of $1.00 for a release."

Opinion No. O-1120 of this department holds that it is the duty of the representatives of the Weights and Measures Department to file a complaint against the offender when he weighs a truck and finds that it is overloaded. This opinion also holds that where the Weights and Measures officer arrests the defendant and weighs his truck and is accompanied by a constable and uses the constable's car that the constable is not entitled to any costs or mileage fees. We enclose herewith a copy of said opinion.

Opinion No. O-1189 of this department holds that only where the facts show that the defendant is in the actual and legal custody of a constable at the time he pleads guilty and pays his fine is the constable entitled to a release fee. This opinion further holds that when the defendant mails his fine, voluntarily appears alone or appears in the legal custody of another officer, the constable is entitled to no release fee. We enclose a copy of that opinion. We also enclose a copy of Opinion No. O-963 of this department which contains a full discussion of several questions similar to your questions.

Your questions are answered as follows:

Question No. 1: No.
Question No. 2: No.
Question No. 3: The constable or sheriff would not be entitled to an arrest fee because the same would be an illegal arrest for which no fees are allowed by law. The constable or sheriff would not be entitled to a release fee unless the defendant was in the actual and legal custody of the sheriff or constable at the time he pleaded guilty and paid his fine. The constable or sheriff would not be entitled to any fees that they did not legally earn.

Question No. 4: The Weights and Measures officers are not fee officers and receive a salary from the State of Texas for their services. Constables and sheriffs are not entitled to fees for illegal services performed nor are they entitled to any fees unless they perform legal services. The proper amount of costs in answer to question No. 4 is as follows:

Trial fee . . . . . . . . . . . . . . . . $4.00
County Attorney's fee . . . . . . . . . .  5.00

If the fine was assessed at $1.00, the defendant would have to pay $10.00 as fine and costs.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. Fanning

Wm. J. Fanning
Assistant

APPROVED JUN 12, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved
Opinion Committee
By B W B
Chairman